## IMPERATOR REALTY COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29933.   Promulgated November 30, 1931.

*Donald Horne, Esq.*, and *Victor E. Cappa, Esq.*, for the petitioner.
*John D. Kiley, Esq.*, for the respondent.

### OPINION.

SEAWELL: This proceeding involves a deficiency in income tax as determined by the Commissioner for 1923 in the amount of $13,234.36, and has for its only issue the question whether the unrealized profit to the petitioner from a prior sale as included in a second mortgage was realized in 1923 when such second mortgage was used at its face value by the petitioner in part payment of property purchased in that year. Error was also assigned on account of depreciation allowable, but at the hearing this contention was withdrawn.

The petitioner is a New York corporation, with its principal office in New York City, where it is engaged in business as a real estate operator and owner.

In 1922 petitioner sold certain property located at 1331–1337 Madison Ave., the purchaser assuming a first mortgage thereon of $155,000 and giving to petitioner a second mortgage on the property of $112,000. The second mortgage provided for payments in equal monthly installments of $833.33 until the principal sum with interest at 6 per cent was paid. The total profit on the transaction is not shown, though it does appear that the petitioner elected to report the profit on the installment basis as payments were made on the second mortgage. It further appears that the Commissioner determined that at August 1, 1923, the profit as represented in the second mortgage which had not been realized was $100,676.42, but we do not understand that the petitioner questions the findings of the Commissioner in that respect and no evidence was offered as opposed to such findings.

On August 1, 1923, petitioner purchased property at 3 West 29th Street at a contract price of $503,000. The second mortgage on the Madison Avenue property (referred to in the preceding paragraph) was accepted at its face value (then reduced to $106,166.69) on the contract price for the 29th Street property. In addition, petitioner either assumed a first mortgage on the property, or took the prop-

erty subject to a first mortgage, of some $300,000 and paid some cash in order to make up the full amount of $503,000. The property in question was an apartment building on a plot of ground 74.6 feet by 99 feet and annual rentals received from 1923 to 1925 were as follows: 1923, $86,000 (approximate); 1924, $81,314.35; and 1925, $78,110.

In its return for 1923 petitioner reported no profit from the sale or disposition of the aforementioned second mortgage, but the Commissioner, in his notice of deficiency, added to petitioner's income $100,676.42 as the amount realized in such disposition of the second mortgage. That is, if we understand the situation correctly, the Commissioner determined that at the date of the purchase of the 29th Street property in 1923 the unrealized profits on the second mortgage then held by the petitioner on the Madison Avenue property of a face value of $106,166.69 was $100,676.42, and that, when the petitioner used that second mortgage at its face value in satisfaction of a part of the purchase price of the 29th Street property, the total unrealized profit in the second mortgage was realized. The first contention of the petitioner is that the use of the second mortgage in partial satisfaction of the purchase price of real estate constituted an exchange within the meaning of section 202 (c) of the Revenue Act of 1921 [1] and that accordingly no gain should be recognized, since the property received (the 29th Street property) did not have a " readily realizable market value." We think it clear that the transaction here in question was not an exchange within the meaning of the aforementioned section of the statute, but rather an outright purchase of real estate in which property of an entirely different character was used in satisfaction of the purchase price. The purchase price named in the contract for the 29th Street property was $503,000, and in satisfaction thereof the petitioner either assumed a first mortgage then on the property or took the property subject to such mortgage, paid some cash, and applied the second mortgage on the Madison Avenue property at its face value in satisfaction of the remainder of the purchase price. Plainly, this was a purchase in the consummation of which petitioner disposed of an unlike kind of property and not an exchange as contemplated by section 202 (c), *supra.*

---

[1] Sec. 202. (c) For the purposes of this title, on an exchange of property, real, personal or mixed, for any other such property, no gain or loss shall be recognized unless the property received in exchange has a readily realizable market value; but even if the property received in exchange has a readily realizable market value, no gain or loss shall be recognized—

(1) When any such property held for investment, or for productive use in trade or business (not including stock-in-trade or other property held primarily for sale), is exchanged for property of a like kind or use.

But even if we should concede that the transaction constituted an exchange in so far as the second mortgage is concerned, we are unable to agree with the petitioner's contention to the effect that the 29th Street property did not have a readily realizable market value and therefore no gain or loss could be computed on the exchange. The argument here advanced by the petitioner is that "readily realizable market value" is to be distinguished from "fair market value" and to that end witnesses were introduced who testified both as to fair market value as that term is ordinarily used and also as to a quick or forced sale value, the difference between the two values being from $50,000 to $75,000. It is the latter value which the petitioner contends represents the readily realizable market value or, to quote from its brief, "Readily realizable market value is the value that can be obtained at a quick sale with no special regard to real value, because at a quick sale the seller being forced to turn over his property at once cannot ask for and cannot receive real value for his property." We can not agree that Congress intended that "readily realizable market value" should be considered the equivalent of a "forced sale value." Whatever may be the true meaning of the term "readily realizable market value" and what distinction there may be, if any, between that term and "fair market value," we are unwilling to say that the statute contemplates a "forced sale" value as a basis of determining gain or loss on an exchange coming within the purview of section 202 (c), *supra*. In the case at bar we are concerned with a piece of improved real property having a value of approximately $500,000, and the evidence shows that it is not usual to be able to sell a property of that size at once without a great sacrifice. In testifying as to a fair market value, the various witnesses (including those offered by the petitioner as well as by the Commissioner) gave their opinion as to value as between a willing purchaser and a willing seller, where a reasonable time was given in which to negotiate a sale. As to what would constitute a "reasonable time," the witnesses differed little; the Commissioner's three witnesses stating from six months to a year, one of petitioner's witnesses several months to a year and another a year or two. When we consider the character of property here involved, we are satisfied that its fair market value as testified to by these witnesses was also its "readily realizable market value" within the meaning of the statute.

And also when we consider the evidence offered as to the fair market value of the 29th Street property, as well as the circumstances surrounding the purchase, we are unable to agree with the petitioner's further contention that there was an inflation of the purchase price because the second mortgage was used in part payment instead of cash, and that therefore the whole amount of the unrealized profit

may not be considered as having been realized. The expert witnesses offered by the petitioner gave valuations of from $450,000 to $475,000, whereas the Commissioner's witnesses gave valuations ranging from $505,500 to $540,000. The strong preponderance of testimony was that property values in the section where the property in question was located were on the decline between 1923 and 1926. The property was sold by the petitioner in 1926 for approximately $475,000 and the petitioner claimed a loss in its return for that year on the basis of an original cost of approximately $503,000. The assessed valuation of the property in 1923 was $475,000. The determination of the Commissioner is based on the contract price of $503,000.

Various other evidence was introduced, both as to the 29th Street property and as to the property securing the second mortgage in question, as well as evidence relating to the manner in which the 29th Street property sale was consummated. Suffice it to say that we have given careful consideration to all evidence offered and the qualifications of the expert witnesses who testified, and we have reached the conclusion that the evidence not only fails to overcome the *prima facie* correctness of the Commissioner's determination to the effect that there was a purchase for $503,000 in which the second mortgage was used at its face value in partial satisfaction of such purchase price, but also that the evidence supports a transaction carried out in the usual manner without any inflation of the purchase price. We are accordingly of the opinion that when the petitioner gave its second mortgage of a face value of $106,166.69 in satisfaction of that part of the purchase price of the 29th Street property, the unrealized profit in such second mortgage of $100,676.42 was realized, and that the action of the Commissioner in adding such latter amount to petitioner's taxable income for 1923 should be sustained. *Packard Cleveland Motor Co.*, 14 B. T. A. 118, and *W. F. Gillies*, 20 B. T. A. 570.

*Judgment will be entered for the respondent.*